**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin M. Olson and Alyssa N. Olson,<br><br>Plaintiffs,<br><br>v.<br><br>Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Trust 2007-FLX, Mortgage Pass-Through Certificates, Series 2007-FLX3 under the Pooling and Servicing Agreement dated April 1, 2007; IndyMac, FSB, a Federally Chartered Savings Bank; Indy Mac Bank Mortgage Services as advisor of One West Bank, FSB; OneWest Bank, FSB; and David W. Cowles, Trustee for March 21, 2007 Deed of Trust<br><br>Defendants. | No. CV13-0642-PHX DGC<br><br>**ORDER** |

Defendants have filed a motion to dismiss. Doc. 7. The motion is fully briefed. Doc. 11, 15. No party has requested oral argument. For the reasons that follow, the Court will grant the motion.

**I.  Background.**

Plaintiffs Kevin and Alyssa Olson bought property and constructed a house at 5493 E. Desperado in Gilbert, Arizona. Doc. 1-1 ¶ 9. Plaintiffs refinanced the property, resulting in execution of a promissory note and deed of trust ("DOT") with IndyMac Bank, FSB on March 21, 2007, in the amount of $760,000. *Id.* at ¶ 13. Plaintiffs secured a $125,000 equity line of credit with another DOT. Doc. 7-13 at 2.

1   In October 2008, Plaintiffs contacted IndyMac Bank about a modification to the $760,000 loan. Doc. 1-1 at ¶¶ 20-21. The IndyMac representative told them that the loan must be ninety days delinquent before a modification would be considered. *Id.* at ¶ 22. Plaintiffs, who were current on their payments, accordingly did not make a payment for three months. *Id.* at ¶ 23. Plaintiffs contacted IndyMac again, and a representative gave verbal approval for a modification and a reduced payment figure. *Id.* at ¶ 25. After making the first reduced payment, however, Plaintiffs received a letter stating that the loan modification had been denied. *Id.* at ¶ 27. Plaintiffs called IndyMac again and were told that they qualified for a modification and that the necessary paperwork would arrive by April 21, 2009. *Id.* at ¶¶ 30-31. When the paperwork did not arrive, Plaintiffs called weekly to obtain the loan modification paperwork and continued to make the reduced payment. *Id.* at ¶ 32. In July of 2009, Plaintiffs were contacted by realtors about their home being in foreclosure. Plaintiffs learned that a trustee's sale had been noticed on their property, but claim they never received the notice. *Id.* at ¶¶ 33-34.

Plaintiffs filed for Chapter 13 bankruptcy and an automatic stay prevented the trustee's sale. *Id.* at ¶¶ 35, 45. During the bankruptcy proceedings, OneWest Bank[1] (which had acquired the $760,000 DOT to Plaintiffs' home) assigned the DOT to Deutsche Bank, which filed a claim in court against Plaintiffs' home for $821,182.41. *Id.* at ¶¶ 42, 44.

Plaintiffs were unable to keep up with the Chapter 13 payment plan and converted their bankruptcy to Chapter 7. *Id.* at ¶ 47. Plaintiffs received a full discharge of their personal debts on March 29, 2011. *Id.* at ¶ 49. Deutsch Bank has since noticed a second trustee's sale, and is seeking over $1,000,000 on the $760,000 debt. *Id.* at ¶ 51.

**II.   Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light

---

[1] Defendants claim that IndyMac Bank is an internal division of OneWest Bank. Doc. 7 at 1-2 n. 1.

most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and they "'are insufficient to defeat a motion to dismiss for failure to state a claim.'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court generally will not consider evidence or documents beyond the complaint when ruling on a Rule 12(b)(6) motion. Fed. R. Civ. P. 12(d). "A court may, however, consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (citations omitted); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (noting that the court may take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.").

Defendants attached exhibits A-U to the motion to dismiss, none of which were attached to the complaint. The complaint, however, incorporates by reference exhibits A, B, E, F, I, J, M, N, Q, R, and S, and Plaintiffs' response to the motion to dismiss does not contest the authenticity of these documents. These exhibits will be considered for purposes of this motion. Plaintiffs attached four exhibits to their response, all of which were incorporated by reference in the complaint and will also be considered.

### III. Defendants' Motion.

#### A. Quiet Title.

The complaint alleges that the $760,000 promissory note and DOT are unenforceable because Plaintiffs' personal liabilities were discharged in their bankruptcy. Doc 1-1 at ¶¶ 53-55. For several reasons, the Court does not agree.

Bankruptcy discharges personal liability, not valid liens against real property. *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991); *In re Cortez*, 191 B.R. 174, 177 (B.A.P. 9th Cir. 1995). "[A] creditor's right to foreclose on the mortgage survives . . . bankruptcy." *Johnson*, 501U.S. at 83.

Moreover, "[i]t is thoroughly settled that a complaint to quiet title . . . [must] show title in the plaintiff[.]" *Verde Water & Power Co. v. Salt River Valley Water Users' Ass'n*, 197 P. 227, 228 (Ariz. 1921). Under Arizona law, legal title passes to the trustee upon the execution of a deed of trust. *Brant v. Hargrove*, 632 P.2d 978, 984 (Ariz. Ct. App. 1981) (citations omitted). As trustors under the DOT, Plaintiffs do not hold title and thus cannot bring a quiet title claim. *See Robertson v. DLJ Mortg. Capital, Inc.*, No. CV–12–8033–PCT–LOA, 2012 WL 4840033, *8 (D. Ariz. Oct. 11, 2012) ("Under Arizona law, neither a mortgagee nor a trustor can bring an action to quiet title because neither holds title." (citations omitted)).

In addition, it is well established in Arizona that "a plaintiff cannot bring a quiet title action unless [he] has paid off [his] mortgage in full." *Bergdale v. Countrywide Bank FSB*, No. CV–12–8057–PCT–GMS, 2012 WL 4120482, *6 (D. Ariz. Sept. 18, 2012) (citing *Farrell v. West*, 114 P.2d 910, 911 (Ariz.1941) ("[I]f it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless [the plaintiff-mortgagor] pays off such mortgage lien.")); *Eason v. Indymac Bank, FSB*, No. CV 09–1423–PHX–JAT, 2010 WL 1962309, *2 (D. Ariz. May 14, 2010) (action to "[q]uiet title is not a remedy available to the trustor until the debt is paid or tendered."); *Frazer v. Millennium Bank*, No. 2:10–01509 JWS, 2010 WL

4579799, *4 (D. Ariz. Oct. 29, 2010) (same). The complaint does not allege that Plaintiffs have paid or tendered all amounts owed on the $760,000 loan.

The Court will dismiss the quiet title claim.

### B. Judgment Determining Any Balance Due.

The complaint alleges that only $98,423.43 is due on the $760,000 DOT. Plaintiffs argue that a proof of claim document filed in their bankruptcy action stated that only $98,423.43 was owed on the $760,000 debt, and once that amount is paid, title should be quieted in their favor. Doc. 11 at 8; Doc. 11-1 at 4. The Court does not agree. Defendants have shown two DOTs attached to the property, one arising from a $125,000 equity line of credit and the other from the March 21, 2007 loan for $760,000. Doc. 7 at 4-6. Plaintiffs verify this fact in their response and in exhibits 2 and 3 attached to their response. Doc. 11 at 4; doc. 11-1 at 4, 65. The exhibits demonstrate that during bankruptcy the amount owed against the $760,000 debt was $821,182.41, and the amount owed against the line of credit was $98,423.43. Doc. 7-6 at 2; doc. 7-5 at 2; Doc. 11-1 at 4, 65. The proof of claim filed in the bankruptcy for the $98,423.43 appears to have been mistakenly attached the $760,000 DOT, a clear error in light of other filings in the bankruptcy, including a separate proof of claim for the $760,000 debt. Plaintiffs provide no legal basis for reducing the amount owed on the $760,000 debt because of an incorrect proof of claim, and the Court knows of none. This claim will be dismissed.

### C. Release.

Plaintiffs admit that their release claim is factually flawed and should be dismissed. Doc. 11 at 9. Defendants ask that Plaintiffs pay attorneys' fees and costs incurred defending this count. Doc. 15 at 5. The Court will not address fee requests until the end of this case and the filing of a properly documented motion for attorneys' fees.

### D. Fraud and Abuse of Process.

Plaintiffs' claims 4 and 5 are titled "Fraud & Abuse of Process." The claims appear to contend that Defendants made various false statements to the bankruptcy court and others. The claims are not sufficiently pled.

Fraud requires: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury. *Echols v. Beauty Built Homes, Inc.*, 647 P.2d 629, 631 (Ariz. 1982). When alleging fraud, a party must state with particularity the circumstances which constitute fraud. Fed. R. Civ. Pro. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Crop*. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citing *Cooper v. Picket*, 137 F.3d 616, 627 (9th Cir. 1997)).

Plaintiffs' allegations in claims 4 and 5 do not plead the elements of fraud with particularity. For example, Plaintiffs appear to assert that the fraud was perpetrated against the bankruptcy court and others, rather than themselves; they do not claim that they were ignorant as to the falsity of any misrepresentations; nor do they claim that they relied on the representation's truth. Doc. 1-1 at 29-30.

The complaint also alleges that Deutsch Bank's attempts to conduct a trustee sale constitute fraud because "the debt is unenforceable as a result of bankruptcy discharge." Doc. 1-1 at ¶¶ 77-85. As noted above, however, the bankruptcy discharge of Plaintiffs' personal liability does not preclude Deutsch Bank from conducting a trustee's sale. Deutsche Banks purported actions under claim 5 do not constitute fraud.

A claim for abuse of process in Arizona entails (1) a willful act in the use of judicial process (2) for an ulterior purpose not proper in the regular conduct of the proceeding. *Nienstedt v. Wetzel*, 651 P.2d 876, 881 (Ariz. Ct. App. 1982). The second element requires "a showing that the process has been used primarily to accomplish a purpose for which the process was not designed." *Id.* The term process "has been interpreted broadly, and encompasses the entire range of procedures incident to the litigation process." *Id.*

1       The complaint alleges that OneWest Bank falsely claimed to be the beneficiary of the DOT, willfully deceiving the bankruptcy court. Doc 1-1 at ¶¶ 66-71. The complaint also alleges that OneWest Bank provided false documentation to the bankruptcy court. *Id.* at ¶¶ 57-60. Actions directed at the bankruptcy court, even if improper, would not amount to an abuse of process against Plaintiffs. Abuse of process occurs when a defendant abuses the judicial process to harm another individual or party. Courts have ample power to redress improper litigation tactics directed at them; abuse of process exists to protect parties or other individuals harmed by abuse of the judicial process. Plaintiffs have not alleged facts showing that Defendants abused judicial process in a manner directed at or causing harm to Plaintiffs.

      Plaintiffs also claim that Defendants abused process by noticing a trustee's sale. Such a sale, however, is an extra-judicial remedy not invoking the judicial process, and therefore cannot constitute abuse of that process.

      Claims 4 and 5 fail to plead claims for fraud or abuses of process. Both will be dismissed.

### E.     Truth in Lending Act and Real Estate Settlement Procedures Act.

      Defendants argue that the claims regarding the Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA") should be dismissed because sufficient facts have not been pled. "While Rule 8(a)(2) does not require plaintiffs to lay out in detail the facts upon which their claims are based, it does require plaintiffs to provide 'a short and plain statement of the claim' to give the defendants fair notice of what the claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). Legal conclusions are not adequate to defeat a motion to dismiss. *Iqbal*, 556 U.S. at 680.

      The complaint fails to allege any specific TILA or RESPA violations. Doc. 1-1 at ¶¶ 86-94. It only "incorporate[s] the allegations" made in all previous paragraphs and alleges the statutes have been violated in "numerous ways" and "for various areas of interest." Id. at ¶¶ 86-87, 90-91. Alleging that a statue has been violated, but failing to

address the factual basis for the claim or what part of the statute have been violated, is conclusory and vague. Incorporating fourteen pages of allegations does not give fair notice to Defendants of the basis for the claims. The RESPA and TILA claims will be dismissed.

### F. Punitive Damages.

Because all other claims have will be dismissed, Plaintiffs' claim for punitive damages will also be dismissed. The Court also notes that the complaint pleads few if any facts supporting a claim that Defendants possessed an intent to injure Plaintiffs or consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others. *Gurule v. Illinois Mut. Life and Cas. Co.*, 734 P.2d 85, 87 (Ariz. 1987).

### IV. Leave to Amend.

Plaintiffs seek leave to amend the complaint. Doc. 11 at 1. "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court has determined that dismissal of the fraud, abuse of process, RESPA, and TILA claims may be cured by amendment and are, therefore, dismissed without prejudice. The quiet title, declaratory judgment, and release claims cannot be cured by amendment and are dismissed with prejudice.

**IT IS ORDERED:**

1. The motion to dismiss (Doc. 7) is **granted.**

2. Plaintiffs shall file an amended complaint on or before **July 26, 2013**.

Dated this 5th day of July, 2013.

_____
David G. Campbell
United States District Judge