**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin M. Olson; Alyssa N. Olson, | No. CV13-0642-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Deutsche Bank National Trust Company; et al., | |
| Defendants. | |

On July 5, 2013, the Court issued an order granting Defendants' motion to dismiss. Doc. 20. Plaintiffs have filed a motion for reconsideration. Doc. 24. The Court will deny the motion.

Motions for reconsideration "are disfavored and will be granted only upon a showing of manifest error or new facts or legal authority which could not have been raised earlier with reasonable diligence." *In re Rosson*, 545 F.3d 764, 769 (9th Cir. 2008) (quotation marks, brackets, and citations omitted); *see also S.E.C. v. Kuipers*, 399 Fed. Appx. 167, 170 (9th Cir. 2010); LRCiv 7.2(g)(1). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). Nor should a motion for reconsideration be used to ask the Court to rethink its analysis. *Id.*; *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Plaintiffs argue that before dismissing with prejudice their quiet title claim (Count I) and declaratory judgment claim to determine any balance due (Count II), the

1. Court was obligated to stay the proceeding because Plaintiffs had filed for Chapter 13 Bankruptcy protection. Doc. 24 at 3-4. Plaintiffs cite no legal support for their contention that an automatic stay would apply to this action – one brought by a debtor. As a general matter, an automatic stay only occurs where the proceeding is against the debtor. *Sparlin v. Select Portfolio Servicing, Inc.*, Nos. CV11-00240-TUC-CKJ *et seq.*, 2012 WL 527486, at *3-4 (D. Ariz. Feb. 17, 2012).

Plaintiffs argue that they have a right to bring a quiet title claim (Doc. 24 at 5) and submit that questions of material fact exist as to the deed of trust (*id.* at 5-7). Plaintiffs do not explain how the alleged factual disputes would affect the Court's analysis of Plaintiffs' quiet title claim. The Court dismissed that claim for two reasons (Doc. 20 at 4), and Plaintiffs have not shown clear legal error with respect to either rationale.

Plaintiffs argue that questions of fact exist with respect to their claim to determine any balance due on the property. *Id.* at 7-9. The argument essentially repeats assertions made by Plaintiffs in their response to Defendants' motion to dismiss. Doc. 11 at 3-5, 7-9. Plaintiffs have not provided a legal basis for reducing the amount owed on a deed of trust, and thus they have not shown that the Court's analysis was in error.

Plaintiffs argue that the Court's order denies them "the right to obtain further discovery to establish the position and facts that it knows exists showing the invalidity of the Deed of Trust and other relevant issues" (Doc. 24 at 9) because the order is being used as a basis for *res judicata* in the bankruptcy action (*id.* at 4, 5, 9). This is not a reason for the Court to reconsider its order.

**IT IS ORDERED** that Plaintiffs' motion for reconsideration (Doc. 24) is **denied**.

Dated this 12th day of August, 2013.

_____
David G. Campbell
United States District Judge